JOHN S. COLLINS, CHARLES COLLINS, JOSEPH T. SULLIVAN and EDGAR T. CONROW, Executors of Isaac T. Collins, *vs.* THOMAS P. HANSEN, et al.

*Affidavit of Defense—Motion for Judgment Notwithstanding the Affidavit—Practice—Allegation of Payment—Judgment Refused where there is Doubt.*

1. Motion for judgment notwithstanding affidavit of defense in a suit on a mortgage will be refused where defendants swear that they have never received any moneys or benefits for $3,000 of the alleged consideration, and "having paid all of the remaining part of the alleged consideration, there is nothing due and payable to the plaintiffs by the defendants, said mortgage (so far as the defendants are bound thereby) having as aforestated been fully paid."

2. In such affidavit the defendants substantially set out the obligation, and that they have paid it. This Court has decided again and again that the allegation of payment in an affidavit of defense is sufficient.

3. Where there is the least doubt judgment at the first term is never given.

(*May 4, 1899.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*James H. Hughes* for plaintiffs.

*John D. Hawkins* for defendants.

Superior Court, Kent County, April Term, 1899.

*Sci. Fa. Sur.* Mortgage, No. 38, to said term.

An affidavit of defense was filed, which contained the following:

"That the defendants have never received any moneys or benefits for $3,000 of the alleged consideration in the said above stated mortgage, or cause of action, and having paid all of the remaining part of the alleged consideration, there is nothing due and payable to the plaintiffs by the defendants, said mortgage (so far as the defendants are bound thereby) having as aforestated

been fully paid. And further, defendants say that the above stated mortgage should be satisfied and discharged upon the record thereof."

*Mr. Hughes*, for plaintiffs, moved for judgment notwithstanding the affidavit of defense; *first*, because want of consideration in the case of an instrument under seal, is not a good defense; *second*, because there is no positive allegation in the affidavit of payment, but simply a recital, and the statute requires the affidavit to set out the nature of the defense, and it must be such that if true it would be a good defense.

*Flagg vs. Taylor, 8 Houst., 165.*

LORE, C. J.:—He substantially sets out the obligation and that he has paid it. We have decided again and again that the allegation of payment in an affidavit of defense is sufficient, and where there is the least doubt, we never give judgment at the first term.

Judgment refused.